# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

SANG YUL LEE and AE SUK LEE,

Debtors.

Case No. A10-01003-DMD
Chapter 7

**Filed On 3/15/11**

## MEMORANDUM ON SANCTIONS

The debtors have filed a motion for sanctions against Wells Fargo Bank pursuant to 11 U.S.C. § 362(k). Wells Fargo has opposed the motion. A hearing was held on February 7, 2011. The parties agreed to bifurcate the proceeding based on liability and damages. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (0). This court has jurisdiction over the proceeding in accordance with 28 U.S.C. § 1334(b) and the district court's order of reference. I will deny the motion for sanctions and rule in favor of Wells Fargo.

The debtors filed for Chapter 7 relief on Nov. 30, 2010.[1] They scheduled $13,500 as funds held in their Wells Fargo checking account, under Schedule B-2.[2] They also claimed the Wells Fargo funds as exempt in their Schedule C.[3] Wells Fargo constantly checks to see if an account holder has filed for bankruptcy relief. A recent article in the ABI Journal describes the bank's policy:

> Every evening, Wells Fargo uses an automated
> computer program to ascertain whether account

---

[1] Docket No. 1.

[2] *Id.*

[3] *Id.*

> holders have filed for Chapter 7. If an account-
> holder has recently filed, an administrative hold is
> placed on all accounts belonging to the new
> debtor should the accounts exceed a certain
> balance. A letter is then sent to the debtor
> (debtor's attorney) stating that 'the Estate Funds
> are now in bankruptcy status, which means the
> funds are now longer available to your client(s).'
> A companion letter is also sent to the appointed
> trustee requesting instruction as to the disposition
> of the impounded funds. (footnotes omitted).[4]

In accordance with their policy, Wells Fargo sent letters to the trustee and to the debtor's counsel, Chris Johansen. Johansen was advised that the checking account funds were no longer available to his clients. Wells Fargo requested that the trustee submit directions regarding the funds. Larry Compton, the Chapter 7 trustee responded by fax on December 17, 2010.[5] Compton directed that $3,000 be released to the debtors and $8,967.85 to the bankruptcy estate on one account. On a second account, $140.01 was to be released to the debtors. On a third account, $1,272.92 was to be turned over to the trustee. Wells Fargo immediately complied with the trustee's directions. In the interim, Johansen had demanded turnover of all the funds and filed the pending motion for sanctions.

Lower courts considering the freeze have found that debtors lack standing to seek sanctions and that Wells Fargo's policy does not violate the automatic stay. Those decisions include: *Zavala and Catbagan v. Wells Fargo Bank, N.A. (In re Zavala and Catbagan)* 2011 WL 476874 (Bankr. E.D. Cal. 2011); *In re Phillips,* Case No. 10-51052,

---

[4] American Bankruptcy Institute Journal, Vol. XXIX, No. 9, November 2010 at pages 1 and 60; *Automatic Bank Freezes: Protecting Estate Assets or Impeding Consumer Debtors' Rights,* Michael R. Herz.

[5] Exhibit 2, to Docket No. 30.

Document 35-1 (Bankr. Middle Dt. N.C. Oct. 5, 2010); *Bucchino v. Wells Fargo Bank, N.A. (In re Bucchino),* 439 B.R. 761 (Bankr. D. New Mexico 2010); *In re Young*, 439 B.R. 211 (Bankr. M.D. Fla. 2010); *In re Pearl,* Case No. 09-59647 (Bankr. N.D. Cal. Dec. 16, 2009); *Wells Fargo Bank, N.A. v. Jimenez.* 406 B.R. 935 (D. New Mexico 2008)*;* and *Calvin v. Wells Fargo Bank, N.A. (In re Calvin),* 329 B.R. 589 (Bankr. S.D. Texas 2005). The Ninth Circuit B.A.P. found that the debtors had standing to seek sanctions and that the freeze violated the stay in *Mwangi v. Wells Fargo Bank, N.A., (In re Mwangi)*, 432 B.R. 812 (9th Cir. B.A.P. 2010).

      I have reviewed the cases cited above and find the rationale of the bankruptcy courts and the New Mexico district court in *Jimenez* to be persuasive. The debtors lack standing to pursue their sanctions claim. Even with standing, Wells Fargo has not violated the stay. *Mwangi's* narrow reading of *Citizen's Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995), is unlikely to be sustained by appellate courts. I will deny the debtors' motion for sanctions.

      DATED: March 15, 2011.

      BY THE COURT

      /s/ Donald MacDonald IV
      DONALD MacDONALD IV
      United States Bankruptcy Judge

Serve:  C. Johansen, Esq.
       M. Boutin, Esq.
       P. Hallgrimson, Esq.
       K. Hill, Esq.
       L. Compton, Trustee
       U. S. Trustee
            03/15/11